UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RYAN NIGRO,<br><br>Defendant. | 4:24-CR-40047-RAL<br><br><br>OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO EXCLUDE |

The United States filed a notice of intent pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) to offer the expert testimony of Hollie J. Strand. Doc. 39. Nigro has moved to exclude Strand's testimony, Doc. 48. For the reasons explained below, this Court grants in part and denies in part Nigro's Motion to Exclude Expert Testimony of Hollie J. Strand and Request for <u>Daubert</u> Hearing.

## I.    Background

Ryan Nigro is charged with Attempted Enticement of a Minor using the Internet under 18 U.S.C. § 2422(b). Doc. 15. Andrew Jacob, a Special Agent for the Department of Homeland Security Investigations, posed as a twelve-year-old girl on the social network Reddit and ended up communicating on Reddit with Nigro. Doc. 77 at 1. The context and content of the communications, which form the basis of the charge, are set forth in detail in this Court's previous Opinion and Order denying Nigro's Motion to Suppress. <u>See</u> Doc. 77. In short, the messages appear to have a sexual overtone and culminated in Nigro and the underage persona arranging to

1

meet. Nigro was arrested at the rendezvous site and later admitted to sending the messages in question during an interview with law enforcement. See Doc. 73 at 10–11; Ex. 2.

The United States filed three Notices of Expert Witness under Federal Rule of Criminal Procedure 16(a)(1)(G), including one for Hollie J. Strand. Docs. 37, 38, 39. The United States seeks to introduce Strand "as an expert in grooming behavior in child sexual abuse investigations." Doc. 39 at 1. In addition to testimony generally about trust building, manipulation, and grooming behavior, the United States proposes to have Strand testify that Nigro's messages evince trust building, manipulation, and grooming. Id. at 1–3. The United States accompanied this notice with Strand's curriculum vitae and a list of cases that Strand has testified as an expert in compliance with Fed. R. Crim. P. 16(a)(1)(G)(iii). Docs. 39-1, 39-2.

Nigro seeks to exclude the testimony of Strand under Federal Rules of Evidence 402, 403, 404, and 702. Doc. 48. Nigro argues that Strand's testimony is impermissible under Federal Rule of Evidence 704(b), because she would be offering her opinion on Nigro's intent to induce the underage persona to engage in sexual activity. Id. at 2. Nigro contends that on a Rule 403 balancing, the probative value, which he argues is "low," is substantially outweighed by the danger of unfair prejudice. Id. at 4. He argues that Strand's testimony would improperly place him in a class of persons who regularly engage in grooming activity and "evoke[] the current popular culture and social debate over the use of 'grooming' allegations to deter discussion and education around gender and sexuality." Id. at 5. In the event this Court denies his motion, Nigro seeks a Daubert hearing. Id. at 6–7.

## II.    Legal Standard

The admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Evidence. Under Rule 702, the trial judge acts as a "gatekeeper" screening the evidence for

relevance and reliability. Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 597 (1993). "A witness who is qualified as an expert by knowledge, skill, experience, training or education may testify" if the expert's "knowledge will help the trier of fact understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. The proponent of the evidence must demonstrate that the expert witness's testimony is "based on sufficient facts or data" and "the product of reliable principles and methods," and that the expert witness reliably applied those "principles and methods to the facts of the case." Id. Some factors a court may consider in deciding whether expert testimony is scientific knowledge that will assist the trier of fact include whether the knowledge can be tested, is subject to peer review, has a known or potential error rate, and is widely accepted in the scientific community. Daubert, 509 U.S. at 592–94. The inquiry is flexible, but "[i]ts overarching subject is the scientific validity and thus the evidentiary relevance and reliability—of the principles that underlies a proposed submission." Id. at 594–95.

"Rule 702 reflects an attempt to liberalize the rules governing the admission of expert testimony." Arcoren v. United States, 929 F.2d 1235, 1239 (8th Cir. 1991). "The rule clearly is one of admissibility rather than exclusion." Sappington v. Skyjack, Inc., 512 F.3d 440, 448 (8th Cir. 2008) (citation omitted). "The exclusion of an expert's opinion is proper only if it is so fundamentally unsupported that it can offer no assistance to the jury." Wood v. Minn. Mining & Mfg. Co., 112 F.3d 306, 309 (8th Cir. 1997) (cleaned up and citation omitted).

"[W]hen assessing the admissibility of proffered scientific expert testimony under Rule 702, the trial court must also take into account the interplay of other rules of evidence, such as Rule[s] 403" and 704(b). See United States v. Kime, 99 F.3d 870, 884 (8th Cir. 1996) (reviewing the interplay between Rules 702 and 403). Federal Rule of Evidence 704(b) provides, "an expert witness must not state an opinion about whether the defendant did or did not have a mental state

3

or condition that constitutes an element of the crime charged or of a defense." Fed. R. Evid. 704(b). However, "Rule [704(b)] does not preclude testimony 'about' mental-state ultimate issues in the abstract." Diaz v. United States, 602 U.S. 526, 537 (2024). Rule 403 further disallows relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### III.   Discussion

Strand has a bachelor's degree in interdisciplinary studies with an emphasis in psychology and criminology and master's degrees in counseling and forensic science. Doc. 39-1. Strand has significant professional experience in those fields, including service as a mental health practitioner, forensic examiner of child victims, and outpatient counselor for sex offenders. Id. As her list of past testimony reveals, she has frequently testified in criminal cases in the District of South Dakota. Doc. 39-2. Her experience and training qualify her to offer expert testimony on "grooming behavior in child sexual abuse investigations." Doc. 39. A Daubert hearing is unnecessary here. Yet, this Court's inquiry does not end here.

Nigro is charged with Attempted Enticement of a Minor using the Internet under 18 U.S.C. § 2422(b). This charge requires the government to prove that Nigro "inten[ded] to persuade or entice a person to engage in illegal sexual activity." United States v. Riepe, 858 F.3d 552, 559 (8th Cir. 2017); see also United States v. Thomas, 410 F.3d 1235, 1244 (10th Cir. 2005) ("Section 2422(b) requires only that the defendant intend to entice a minor, not that the defendant intend to commit the underlying sexual act."). The Government's Notice of Expert Witness details that Strand not only would testify about trust building, manipulation, and grooming behavior in general

4

but also would detail specific interactions between Nigro and the undercover agent amount to trust building and grooming behavior. See Doc. 39 at 1–3.

It is consistent with Rule 702 and 703 and does not violate Rule 704(b) for Strand to testify about her training and experience and about the grooming process for an adult seeking sex with a child in a general sense or in the abstract. Diaz, 602 U.S. at 537; United States v. Hite, 769 F.3d 1154, 1170 (D.C. Cir. 2014) ("While Dr. Berlin may not testify that Hite lacked the requisite intent, expert testimony that generally explains the world of sexual fantasy on the internet is permissible." (internal citation omitted)). Jurors may find Strand's testimony about trust building, manipulation, and grooming behavior helpful under Rule 702(a) in understanding how one can persuade or entice a minor to engage in sexual activity. Hite, 769 F.3d at 1170 ("General Clinical Testimony . . . can shed light on what may be an unfamiliar topic to most jurors: sexual fantasy involving children, particularly the kinds that unfolds in the virtual realm of the Internet."). Testimony about an ultimate issue in the abstract is not proscribed by Federal Rule of Evidence 704(b). Diaz, 602 U.S. at 537.

Strand's testimony detailing Nigro's communications—which the Court anticipates will be in evidence by the time she testifies—and explaining these statements as illustrations of grooming behavior goes to the ultimate issue that Nigro "intend[ed] to persuade or entice [the underage persona] to engage in illegal sexual activity." See Riepe, 858 F.3d at 559. See also United States v. Hofus, 598 F.3d 1171, 1180 (9th Cir. 2010) ("To say that Hofus meant the texting only as fantasy is simply another way of saying he did not really intend to entice or persuade the young girls, which is precisely the question for the jury."); United States v. Gladish, 536 F.3d 646, 650 (7th Cir. 2008) ("The psychologist could not have been permitted to testify that the defendant did not intend to have sex with [the undercover persona].)" Federal Rule of Evidence 704(b) disallows

expert opinion testimony about whether the defendant did or did not have a mental state or condition required to commit the crime charged. The jury is capable of discerning whether Nigro's communications amount to trust building, manipulation, or grooming, which is effectively the intent element here—"to persuade or entice a person to engage in illegal sexual activity."

Nigro challenges Strand's testimony under Federal Rule of Evidence 403. Under Federal Rule of Evidence 403, the probative value of the evidence must be "substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. As mentioned above, Strand's testimony regarding trust building, manipulation, and grooming behavior generally may be helpful for the jury to understand a topic they are likely unfamiliar with and is relevant in this case, giving it some probative value. Although this evidence may be prejudicial to Nigro, this is not sufficient to overcome Rule 403's balancing test. "Virtually all evidence is prejudicial—if the truth be told, that is almost always why the proponent seeks to introduce it—but it is only *unfair* prejudice against which the law protects." United States v. Jongewaard, 567 F.3d 336, 342 (8th Cir. 2009) (emphasis in original) (quoting United States v. Pitrone, 115 F.3d 1, 8 (1st Cir. 1997)). Strand's testimony regarding grooming in the abstract is admissible under Federal Rule of Evidence 403. Even if it were somehow admissible for Strand to opine that Nigro's actual communications evince trust building, manipulation, and grooming, the Rule 403 balancing test would disfavor allowing those opinions. Strand's reiteration of Nigro's messages would be cumulative and the Rule 704(b) concerns, even if debatable, pose a risk and danger of unfair prejudice.

## IV.    Conclusion

For the reasons explained above, it is

ORDERED that Nigro's Motion to Exclude Testimony of Hollie J. Strand and Request for Daubert Hearing, Doc. 48, is granted in part and denied in part as set forth herein.

DATED this 15th day of May, 2026.

BY THE COURT:

_____

ROBERTO A. LANGE
CHIEF JUDGE

7