UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RYAN NIGRO,<br><br>Defendant. | 4:24-CR-40047-RAL<br><br><br>OPINION AND ORDER ON MOTIONS IN LIMINE |

A grand jury indicted Ryan Nigro with one count of attempted enticement of a minor using the internet. Doc. 15. Nigro has pleaded not guilty to the charged offense and has exercised his right to a jury trial. On June 2, 2026, this Court held a pretrial conference and motion hearing, where it heard argument on the United States' Motions in Limine, Doc. 97, and on Defendant Ryan Nigro's Amended Motions in Limine, Doc. 104. This Court now formalizes its rulings with this Opinion and Order.

## I.     Legal Standard

Rulings on motions in limine are by their nature preliminary. United States v. Spotted Horse, 916 F.3d 686, 693 (8th Cir. 2019). Rulings on motions in limine necessarily occur before the nature and relevance of the evidence can be placed in full context. See Spotted Horse, 916 F.3d at 693. They "developed pursuant to the district court's inherent authority to manage the course of trials," Luce v. United States, 469 U.S. 38, 41 n.4 (1984), and are "specifically designed to streamline the presentation of evidence and avoid unnecessary mistrials," Spotted Horse, 916

1

F.3d at 693. Rulings on motions in limine can avert introduction of inadmissible evidence and can safeguard the jury from hearing evidence so prejudicial that its mention could not be remedied through a corrective instruction. See Motion in limine, Black's Law Dictionary (11th ed. 2019). A district court has broad discretion when ruling on motions in limine and retains the authority to revisit and change its rulings based on how the case unfolds. Luce, 469 U.S. at 41–42. If this Court grants a motion in limine to exclude certain information, that information must not be mentioned during voir dire, opening statements, questioning or answering by witnesses, or closing arguments, unless counsel outside the hearing of the jury obtain a contrary ruling.

## II.    Discussion

### A.  The United States' Motions in Limine

The United States' Motions in Limine, Doc. 97, has nine subparts and seeks (1) to exclude reference to penalty and punishment; (2) to exclude opining on the guilt or innocence of the Defendant; (3) to exclude reference to matters required to be raised by pretrial motion under Federal Rule Criminal of Procedure 12(b)(3); (4) to permit Homeland Security Investigations Special Agent Andrew Jacob to sit at counsel's table during trial; (5) to sequester all other witnesses during trial; (6) to exclude evidence or argument relating to the impossibility of the defendant committing the substantive offense; (7) to prevent argument on ignorance of the law; (8) to prevent argument that the United States must prove the defendant would have actually engaged in illegal sexual activity with the minor; and (9) to prevent argument that the defendant would have left after arriving at the scene. Each is addressed below.

### 1.  Reference to Penalty or Punishment

Under subpart one, the United States moves to preclude Nigro, his attorney, and any witness from referring to the possible penalty or punishment Nigro will face if convicted of the

2

crime charged. The United States argues that permitting the jury to hear information about what penalty or punishment Nigro faces would be improper and would only confuse the jury.

"It is well established that when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed." Shannon v. United States, 512 U.S. 573, 579 (1994) (cleaned up and citation omitted). The jury's role "is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged." Id. "[P]roviding jurors sentencing information invites them to ponder matters . . . not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." Id. (citation omitted). The jury must be able to carry out its role uninfluenced by the consequence of its verdict. See id. at 578 (citation omitted); United States v. Fisher, 10 F.3d 115, 121 (3d Cir. 1993) ("[F]ederal criminal juries are almost never instructed concerning the consequences of verdicts.").

Accordingly, this Court grants the United States' Motions in Limine as to subpart one. There shall be no reference to or comment on the possible penalty or punishment Nigro could receive if convicted. This does not, however, preclude Nigro from referring to the charge as a "serious" or "felony" offense.

### 2. Opining on Guilt or Innocence

Under subpart two, the United States requests an order barring Nigro, his attorney, and any witnesses from expressing their opinion about Nigro's guilt or innocence. Evidence expressing an opinion on a defendant's innocence or guilt "invades the province of the jury" and is inadmissible. See United States v. Thirion, 813 F.2d 146, 156 (8th Cir. 1987) (reasoning that a government witness's opinion that defendant was innocent "is not truly exculpatory evidence because it is inadmissible as it invades the province of the jury"); Wesson v. United States, 164 F.2d 50, 55 (8th

Cir. 1947) ("And any such unnecessary opinion evidence in a criminal case that will inescapably be a plain expression of the witness's opinion of the defendant's guilt . . . should be scrupulously avoided."). Therefore, no witness or attorney may opine on the guilt or innocence of Nigro. This, of course, does not preclude Nigro from potentially testifying about his innocence nor prevent his attorney from asserting actual innocence or arguing that the evidence presented at trial does not establish guilt beyond a reasonable doubt.

### 3. Reference to Matters Required to Be Raised by Pretrial Motion (Fed. R. Crim. P. 12(b)(3))

Next, the United States seeks to prohibit Nigro from referencing matters that should have been brought before this Court by pretrial motion under Federal Rule of Criminal Procedure 12(b)(3). In relevant part, Rule 12(b)(3) provides that:

> The following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits:
> (A) a defect in instituting the prosecution, including:
>   (i) improper venue;
>   (ii) preindictment delay;
>   (iii) a violation of the constitutional right to a speedy trial;
>   (iv) selective or vindictive prosecution; and
>   (v) an error in the grand-jury proceeding or preliminary hearing;
> (B) a defect in the indictment or information, including:
>   (i) joining two or more offenses in the same count (duplicity);
>   (ii) charging the same offense in more than one count (multiplicity);
>   (iii) lack of specificity;
>   (iv) improper joinder; and
>   (v) failure to state an offense;
> (C) suppression of evidence;
> (D) severance of charges or defendants under Rule 14; and
> (E) discovery under Rule 16.

Additionally, although not explicitly listed under Rule 12(b)(3), a defendant's argument that law enforcement engaged in "outrageous government conduct"[1] is a question of law and therefore must be "raised as a pre-trial motion to dismiss the indictment." United States v. Nguyen, 250 F.3d 643, 645–46 (8th Cir. 2001) (stating that the failure to file a pre-trial motion to dismiss the indictment based on outrageous government conduct "waives the issue") (citing United States v. Henderson-Durand, 985 F.2d 970, 973 n.4 (8th Cir. 1993)); see also United States v. Duncan, 896 F.2d 271, 274–75 (7th Cir. 1990) (agreeing "with the Second Circuit that an outrageous governmental conduct defense must be made the subject of a pre-trial motion" (citing United States v. Nunez-Rios, 622 F.2d 1093, 1098 (2d Cir. 1980)).

Unless otherwise set by the court, the deadline to file motions under Rule 12(b)(3) is the start of trial. Fed. R. Crim. P. 12(c)(1), (c)(3) ("If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely."); see United States v. Trancheff, 633 F.3d 696, 697 (8th Cir. 2011). In this case, the deadline for filing such motions was May 19, 2026. Doc. 85. A party's failure "to [timely] file a pretrial motion by the deadline" constitutes a waiver of that issue. Trancheff, 633 F.3d at 697. Although a court has the discretion to excuse a waiver and review an untimely-filed pretrial motion, id., the party seeking the court's review must show good cause, meaning they "must show both cause and prejudice." United States v. Mayer, 63 F.4th 680, 683 (8th Cir. 2023) (citation omitted). Thus, absent good cause shown, Nigro may not raise or argue

---

[1] Outrageous governmental conduct refers to "conduct of law enforcement agents [that] is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction." United States v. Russell, 411 U.S. 423, 431–32 (1973). The United States Court of Appeals for the Eighth Circuit has stated that "[t]he level of outrageousness needed to prove a due process violation is 'quite high,' and the government's conduct must 'shock the conscience of the court.'" United States v. Hunt, 171 F.3d 1192, 1195 (8th Cir. 1999) (quoting United States v. Pardue, 983 F.2d 835, 847 (8th Cir. 1993)).

as a defense or objection at trial a matter that would have been grounds for a motion under Rule 12(b)(3).

### 4.  Request for Investigator to Sit at Counsel Table

Subpart four requests that Special Agent Andrew Jacob be allowed to sit at counsel table during trial.  This Court grants subpart four of the United States' Motions in Limine.

### 5.  Request for Sequestration of Witnesses

Subpart five requests an order sequestering all other witnesses.  "The purpose of sequestration is to prevent witnesses from tailoring their testimony to that of prior witnesses and aid in the detection of dishonesty."  United States v. Engelmann, 701 F.3d 874, 877 (8th Cir. 2012) (citation omitted).  "At a party's request, the court must order witnesses excluded from the courtroom so that they cannot hear other witnesses' testimony."  Fed. R. Evid. 615; see Engelmann, 701 F.3d at 877.  Generally, a "district court is granted wide latitude in implementing sequestration orders."  Engelmann, 701 F.3d at 877 (citation omitted).  And "the decision whether to allow the government's agent to testify even though the agent sits at the counsel table throughout the trial is left to the trial court's discretion."  Id. (cleaned up and citation omitted).  Nigro makes the same request in his Motions in Limine, Doc. 104.  Therefore, all fact witnesses—whether for the United States or Nigro—will be sequestered until released from subpoena, except for Special Agent Jacob and defense expert Kirk Newring.  Nigro, of course, is entitled to be in the courtroom throughout the trial.

### 6.  References to Impossibility

Subpart six seeks to prevent Nigro, defense counsel, and any witness from making direct or indirect reference to the impossibility of Nigro committing the underlying substantive offense.  See United States v. Frazier, 560 F.2d 884, 888 (8th Cir. 1977) (discussing factual impossibility is

6

not a recognizable defense to an attempt crime).  An attempt crime requires 1) intent to engage in criminal conduct, and 2) conduct constituting a "substantial step" toward commission of the intended offense.  United States v. Larive, 794 F.3d 1016, 1019 (8th Cir. 2015).  The Eighth Circuit has "held that traveling to the location of a planned meeting with a minor who was the subject of enticement" and 'that a defendant's online conversation with an adult that makes an arrangement to have sex with a purported minor" each constitute a "substantial step toward enticement." Id. at 1019 (first quoting United States v. Young, 613 F.3d 735, 743 (8th Cir. 2010) (collecting cases) then quoting United States v. Spurlock, 495 F.3d 1011, 1014 (8th Cir. 2007)); see also United States v. Helder, 452 F.3d 751, 753 (8th Cir. 2006) ("[W]e have upheld attempt convictions under 18 U.S.C. § 2422(b) where the enticed 'minor' was actually an undercover police officer." (collecting cases)).  It is for the jury to decide whether Nigro intended to entice a minor using the internet.  However, the fact that he could not commit the underlying offense because the "minor" was an undercover agent is not a defense.  See Frazier, 560 F.2d at 888; Helder, 452 F.3d at 753. Thus, this Court grants subpart six of the United States' Motions in Limine.

### 7.  References to Ignorance of the Law

Subpart seven seeks to prevent Nigro, defense counsel, and any witness from making any comments or references, whether direct or indirect, to Nigro's ignorance of the law.  The United States argues that such information is not relevant to Nigro's guilt.  "[T]he usual rule is that ignorance of the law is no defense to a criminal charge." United States v. Baez, 983 F.3d 1029, 1042 (8th Cir. 2020) (cleaned up and citation omitted).  "Although the Supreme Court has carved out an exception to this rule for highly technical statutes that present the danger of ensnaring individuals engaged in apparently innocent conduct," Nigro is not charged with a crime that falls

within this exception. Id. (cleaned up and citation omitted). This Court grants subpart seven of the United States' Motions in Limine.

### 8. Argument that United States Must Prove Defendant Would Engage in Sexual Activity with a Minor

Subpart eight seeks an order in limine precluding defense counsel from making any argument that the United States must prove that Nigro would engage in sexual activity with the undercover persona. The United States contends that this argument is impermissible because the United States is not required to prove that Nigro would engage in sexual activity as an element of the offense, making this information irrelevant. The Eighth Circuit has held the crime of enticement under § 2422(b) only requires a defendant to persuade or entice a minor to engage in sexual activity. United States v. Patten, 397 F.3d 1100, 1103–04 (8th Cir. 2005); see also United States v. Bailey, 228 F.3d 637, 639 (6th Cir. 2000) (§ 2422(b) criminalizes "the attempt to persuade, not the performance of the sexual acts themselves"), cert. denied, 532 U.S. 1009 (2001). Performance of the underlying sexual activity is not a necessary element to the crime charged, so defense counsel cannot argue that the United States must prove that Nigro would have engaged in sexual activity with the underage undercover persona. Yet, the United States must prove that Nigro intended to persuade, induce, or entice the underage undercover persona to engage in unlawful sexual activity. Thus, evidence of Nigro's statements to law enforcement touching on his intent are admissible and relevant.

### 9. Argument that Defendant Would Leave Scene

Subpart nine seeks to preclude argument from defense counsel that Nigro is not guilty of the crime charged because he was going to leave the scene after he arrived at the meet-up location. The United States argues that this argument is impermissible because it is beyond the elements of

8

the offense and is meant to confuse the jury into nullification. An attempt crime requires a defendant to take a "substantial step" towards completion of the crime. United States v. Young, 613 F.3d 735, 743 (8th Cir. 2010). In enticement cases, the Eighth Circuit has "held that a defendant took substantial steps where he arranged to meet the minor at a certain time or place and traveled to the designated meeting location." Id. (collecting cases). Nigro's intent matters, but Nigro's counsel cannot make an argument that invites jury nullification. United States v. Mayer, No. 19-cr-0096, 2021 WL 2434121, at *5 (quoting United States v. Horsman, 114 F.3d 822, 829 (8th Cir. 1997)). But again, the United States must prove that Nigro intended to persuade, induce, or entice the underage undercover persona to engage in unlawful sexual activity. Thus, evidence of Nigro's statements to law enforcement touching on his intent are admissible and relevant.

### B. Nigro's Motions in Limine

Nigro moves in limine (1) to prohibit any argument appealing to community consciousness; (2) to prohibit any use of the term "sexual predator"; (3) to prohibit any evidence regarding what other people do when discovering the age of an undercover persona; (4) to prohibit the introduction of opinion testimony regarding the ultimate issue of intent or knowledge; (5) to bifurcate lay testimony from expert testimony; (6) to prohibit any reference to marijuana; (7) to sequester witnesses from the courtroom; and (8) to allow defense counsel's paralegal to sit at counsel's table and the defense's expert witness to be in the courtroom during the trial. Doc. 104. Each is addressed below.

### 1. Argument Appealing to Community Consciousness

Subpart one of Nigro's Motions in Limine seeks to prohibit any evidence indicating that the undercover operation was designed to protect the community or children. Nigro contends that

such evidence is irrelevant to whether he committed the crime charged. The United States does not oppose this motion. Therefore, subpart one of Nigro's Motions in Limine is granted.

### 2. References to the Term "Sexual Predator"

Subpart two seeks an order in limine prohibiting the United States from referring to Nigro or others who engage in conversations of the same nature as sexual predators. Nigro contends the term is unfairly prejudicial making it inadmissible under Federal Rule of Evidence 403. The United States does not oppose this exclusion. Therefore, subpart two of Nigro's Motions in Limine is granted.

### 3. Evidence on What Other People Do When Confronted with the Age of an Undercover Persona

In subpart three, Nigro seeks to preclude the United States from eliciting testimony from witnesses about how other people have responded when the undercover personas reveal their age. Nigro contends that such testimony is irrelevant to whether he committed the crime charged. The United States does not oppose this motion. Therefore, subpart three of Nigro's Motions in Limine is granted.

### 4. Opinion Testimony on Intent or Knowledge

Subpart four requests an order precluding the parties from introducing opinion testimony from any of their witnesses on the ultimate legal issue of Nigro's intent or knowledge. "An opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a). However, an expert in a criminal case "must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone." Fed. R. Evid. 704(b); see also United States v. Hofus, 598 F.3d 1171,1180 (9th Cir. 2010) ("To say that Hofus meant the texting only as fantasy is simply

another way of saying he did not really intend to entice or persuade the young girls, which is precisely the question for the jury."); United States v. Gladish, 536 F.3d 646, 650 (7th Cir. 2008) ("The psychologist could not have been permitted to testify that the defendant did not intend to have sex with [the undercover persona]."). "The exception does not apply in civil cases or affect lay witness testimony." Diaz v. United States, 602 U.S. 526, 534 (2024).

The United States has given notice of three proposed expert witnesses: Computer Forensics Analyst Joshua Hauck, Internet Crimes Against Children Taskforce Commander Toby Russell, and Hollie Strand. Docs. 37, 38, 39. The United States has stated that Hauck's testimony will be "factual in nature, explaining the process and programs used to extract data from the cell phone seized from the Defendant." Doc. 37 at 1. The United States has disclosed that Commander Russell will testify about his involvement in the case and "[h]is training and experience in online operations providing an opportunity to persons willing to exploit minors, including formulating operation plans"; "[h]is training and experience with the process of chatting with online defendants and best practices for law enforcement agents engaging in such chats"; "about countersurveillance tactics used by individuals who arrive at meet locations"; "[i]nformation regarding the software utilized by the agents in their communications with the defendant and how it affects interstate commerce because the software operates solely on the internet"; "[h]is experience with and knowledge of the social media platform Reddit"; and that "[t]he defendant's Google Pixel 7 Pro phone was manufactured outside the district of South Dakota." See Doc. 38 at 2–3.

Consistent with Rule 704(b), the United States' expert witness Commander Russell may testify on the subparts discussed above, but Commander Russell may not opine on the ultimate issue of whether Nigro intended to persuade, induce, or entice the undercover persona. Although

11

expert witness Hauck does not appear likely to testify on Nigro's intent or knowledge based on the United States' Notice, Doc. 37, the same limitation pursuant to Rule 704(b) applies to his testimony as well. This Court previously ruled on the limitations of Strand's testimony. Doc. 86.

### 5. Bifurcation of Lay Testimony from Expert Testimony

Subpart five seeks to bifurcate lay testimony from expert testimony for the United States' expert witnesses Joshua Hauck, Toby Russell, and Hollie Strand. Nigro contends that the United States' experts' lay testimony will be given a higher sense of credibility than a non-expert fact witness. This motion in limine is denied. What facts and expert opinions Hauck and Russell have to share are intertwined, and requiring the United States to call each of them twice is unnecessary. Indeed, the United States' notice of Hauck includes that it "does not believe the witness will be offering expert witness testimony" and the disclosure of Hauck as an expert is "out of an abundance of caution." Doc. 37 at 1. Strand is purely an expert witness, not having been involved at all in the underlying sting operation and not having reviewed the actual case materials.

### 6. References to Marijuana

Subpart six of Nigro's Motions in Limine seeks to exclude all testimony and evidence regarding marijuana. Nigro contends that this evidence should be excluded under Federal Rule of Evidence 404(b) and 401. The United States argues that evidence concerning marijuana is relevant to prove Nigro's intent and identity because Nigro and the undercover persona discussed Nigro bringing marijuana to the rendezvous and Nigro then showed up to the location with marijuana in his truck.

Under Federal Rule of Evidence 404(b), "[e]vidence of any other crime, wrong, or act it not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). "This evidence may be

admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan knowledge, identity, absence of mistake, or lack of accident." Id. 404(b)(2). "In a criminal case, the prosecutor must: (A) provide a reasonable notice of any such evidence that the prosecutor intends to offer at trial . . . and (C) do so in writing before trial – or in any form during trial if the court, for good cause, excuses lack of pretrial notice." Id. 404(b)(3).

The United States intends to introduce evidence relating to the marijuana seized from Nigro's vehicle to show Nigro's intent and identity. The Eighth Circuit has noted that the items discussed during online conversations and later discovered in defendants' possession by law enforcement officers are evidence of a defendant's intent. Young, 613 F.3d at 743 ("The condom, note with the name 'Emily,' and bottle of bubble bath discovered by officers further support Young's intent to engage in the crime as they were specifically mentioned during the online conversations."). Since this evidence is relevant and admissible under Federal Rule of Evidence 404(b)(2) to prove Nigro's intent and identity, this Court denies in part subpart six of Nigro's Motions in Limine. This Court may give a limiting instruction concerning the limited purposes for which Nigro's possession of marijuana is relevant.

### 7. Sequestration of Witnesses

Subpart seven of Nigro's Motions in Limine requests an order sequestering all government witnesses. This Court granted this request as part of subpart five of the United States' Motions in Limine above, other than to the case agent allowed to be at counsel table.

### 8. Request for Paralegal to Sit at Counsel's Table and Expert Witness to be in Courtroom

Subpart eight of Nigro's Motions in Limine request that defense counsel's paralegal be allowed to sit at counsel's table and that defense expert witness Kirk Newring be allowed to sit in

13

the courtroom during the trial. The United States does not oppose Nigro's request to allow defense counsel's paralegal to sit at counsel's table and expert Newring's four proposed opinions have been disclosed. Subpart eight of Nigro's Motions in Limine is granted.

### III.   Other Matters

In addition to the motions in limine, this Court addressed four other matters during the pretrial conference. The United States filed an Objection to Defendant's Notice of Expert, Doc. 47, arguing that Newring's proposed testimony is prohibited by Federal Rules of Evidence 702, 704(b), and 801(d)(2)(A). This objection is overruled. The four disclosed opinions may be admissible upon a proper foundation being laid for them.

Nigro filed an Objection to the United States' Notice of Expert Witness, Doc. 87. Nigro seeks to prevent Commander Russell from providing an expert legal opinion that the operation in this case was conducted in a lawful manner. Id. This objection is overruled as the challenged opinion relates to the use of "best practices" used by undercover agents in chats as an underaged persona and the United States has disclosed some standards in that regard. There are matters to which Russell may testify regarding the practices used by undercover officers.

Nigro also filed Objections to Government's Notice Pursuant to Federal Rule of Evidence 404(b), Doc. 89. Nigro contends the other chats from Reddit do not show his intent to engage in sexual activity with individuals under the age of eighteen because the age and identity of the other users is unknown. The United States contends that this evidence is relevant to show Nigro's intent that he was using Reddit to seek sex with other individuals. This objection is overruled as to the limited information contained in proposed Exhibits 31, 32, and 34, which are on the same day or within a few days of Nigro's conversations with the undercover persona. The evidence is relevant

14

to show Nigro's intent in communicating with certain Reddit users including the underage undercover persona.

Nigro filed a Request for Court to Take Judicial Notice of Reddit Rules, Doc. 91, requesting this Court to take judicial notice of the Reddit User Agreement and a previous Reddit Privacy Policy. The United States does not object to this request, and such materials thus may be offered in evidence.

## IV.    Conclusion

Therefore, it is hereby

ORDERED that the United States' Motions in Limine, Doc. 97, are granted to the extent stated herein. It is further

ORDERED that Defendant Ryan Nigro's Amended Motions in Limine, Doc. 104, are granted to the extent stated herein. It is further

ORDERED that United States' Objection to Defendant's Notice of Expert, Doc. 47, is overruled. It is further

ORDERED that Nigro's Objection to the United States' Notice of Expert Witness, Doc. 87, is overruled. It is further

ORDERED that Nigro's Objections to Government's Notice Pursuant to Federal Rule of Evidence 404(b), Doc. 89, is overruled. It is finally

ORDERED that Nigro's Request for Court to Take Judicial Notice of Reddit Rules, Doc. 91, is denied as moot given that the United States will not be objecting to those defense exhibits.

15

DATED this 2nd day of June, 2026.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE

16