UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RYAN NIGRO,<br><br>Defendant. | 4:24-CR-40047-RAL<br><br>ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER PRESENTENCE DETENTION AND TO SURRENDER FOR SERVICE OF SENTENCE |

On June 4, 2026, a jury found Defendant Ryan Nigro guilty of attempted enticement of a minor using the internet under 18 U.S.C. § 2422(b). Doc. 116. After the jury trial, this Court ordered Nigro detained pending imposition of sentence. On July 6, 2026, Nigro filed a Motion to Reconsider Presentence Detention and to Surrender for Service of Sentence, Doc. 129. Nigro seeks release from custody based on his 26 months of pretrial release with no violations, his full-time employment as a journeyman electrician, the air conditioning unit in his home quitting, and his two dogs needing long-term care arrangements. Id. at 2. The United States opposes the motion, Doc. 130.

Under 18 U.S.C. § 3141, this Court "shall order that pending imposition or execution of sentence . . . a person be released or detained under this chapter." In turn, section 3143 governs release and detention of defendants awaiting imposition of sentence. Under Eighth Circuit precedent, the crime of attempting to entice a minor to engage in unlawful sexual activity, is a crime of violence within the meaning of 18 U.S.C. § 3143(a)(2) and 18 U.S.C. § 3156(a)(4)(C).

U.S. v. Larue, 478 F.3d 924, 924–925 (8th Cir. 2007) (per curiam) (concluding "the district court erred in ordering that [defendant] remain free on bond pending sentencing" after being found guilty by a jury of attempted enticement of a minor to engage in unlawful sexual activity and traveling in interstate commerce for the purpose of engaging in illicit sexual activity based on conversations with an undercover detective). Under 18 U.S.C. § 3143(a)(2):

> The judicial officer shall order that a person who has been found guilty of an offense in a case described [as a crime of violence] . . . and is awaiting imposition or execution of sentence be detained unless—
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

Otherwise, a court may only release an individual subject to detention under § 3143(a)(2) "under appropriate conditions, . . . if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c).

This Court finds that there is not a substantial likelihood that a motion for acquittal or new trial will be granted. Indeed, there has been no such motion made. Nor has the United States recommended that no sentence of imprisonment be imposed upon Nigro. Nigro, after all, faces a mandatory minimum sentence of ten years. See 18 U.S.C. § 2422(b). Nigro does not satisfy the "exceptional reasons" provision of section 3145(c) either. Nigro's compliance with pretrial release, full-time employment, and ongoing counseling "are commendable, but they are not 'clearly out of the ordinary, uncommon, or rare.'" Larue, 478 F.3d at 925–96 (quoting United States v. Brown, 368 F.3d 992, 993 (8th Cir. 2004)). Additionally, Nigro had 26 months before the trial to obtain long-term care for his two dogs. Nigro has not "clearly shown that there are exceptional reasons why [his] detention would not be appropriate." 18 U.S.C. § 3145(c).

For the reasons explained above, it is

ORDERED that Nigro's Motion to Reconsider Presentence Detention, Doc. 129, is denied.

It is further

ORDERED that Nigro's Motion to Surrender for Service of Sentence, Doc. 129, is denied as moot.

DATED this 8th day of July, 2026.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE